In re HEINTZ–MERKLE & CO., Inc.

No. 13298.

District Court, E. D. Pennsylvania.

Feb. 5, 1932.

·Henry L. Shepard, of Philadelphia, Pa., for petitioner.

A. Jere Creskoff, of Philadelphia, Pa., for trustee.

DICKINSON, District Judge.

This was a reclamation proceeding in which the referee made an order dismissing the claim. The basis of the claim to the property, made the subject of reclamation, is the familiar type of contract entered into for the purpose of making a contract of sale on credit take the form of a bailment for use on hire. The real purpose is to enable the vendor to have and to enforce a lien for unpaid purchase money. We have been favored with an elaborate and forceful argument by counsel for the claimant and petitioner, which we can highly commend for the industry and ability displayed, yet which puts in a strong light the true character of all such agreements. He advances as accepted proposi-

tions "that the controlling factor, whether the contract in question is a lease or conditional sale, is determined by what the parties intended it to be," but, "in arriving at a conclusion as to what the parties intended the nature of the contract to be, the sole basis of judgment is the language which the parties themselves used in the contract itself." If the sole test of the nature of the contract is its language, everyone of these sales is a so-called lease, because such is the language of every one of them. As between the parties themselves, they may agree to anything, but as between a real vendor and execution creditors the latter are not concluded by what the vendor or the vendee or both may have said. The principles of law upon which the owner of any property takes his stand are that as owner he has full dominion over his property which he may hire out or sell as he wills. If he parts with the possession to another, and the sole and full agreement between them is in writing, he may invoke another principle of law that the writing is the sole witness to the agreement. The law then determines the meaning in legal effect of the writing. Seldom, however, does a vendor do this. He sells the property to a buyer, and then, if the buyer cannot pay the purchase price in full, he attempts to conceal the sale by the pretense of something else. The fable of the ass and the lion's skin illustrates the results of such subterfuges. Possession is evidence of ownership. A trustee in bankruptcy, therefore, starts with the prima facie ownership. A claimant assumes the burden of proving his ownership. He does not meet this burden by producing a so-called lease agreement.

This claim was heard on petition and answer. The petition avers ownership in the claimant; the answer denies this ownership. The burden is upon the petitioner to prove that the property belongs to him. The only evidence this claimant offered in support of his title was this so-called "lease." This proves nothing but the fact that the claimant and the bankrupt signed the paper writing to which their names are subscribed. If A is in possession of a horse, as owner, to which B claims title, which title A denies, and an issue of ownership is raised in replevin or other form of action, B has not advanced his claim one iota by producing a writing signed by C. Such a paper would not even be evidence. It would become evidence only after B had shown that A derived his title through C, so that, if C had no title, A had none. He might reach the same result by proving that he had owned the horse and had parted with posses-

sion by letting him out to hire to C. If so, A must have become possessed of the horse immediately or mediately through C. We may, we suppose, assume in this case that possession came to the trustee in bankruptcy through the bankrupt. It is only because of this that the agreement between the claimant and the bankrupt comes into the case. What then is the real fact issue? As before stated, possession is evidence of ownership. The claimant must overcome this, and he essays to do so by saying that he let the bankrupt have the property on a bailment for hire. This the trustee denies, averring that the claimant had sold the property to the bankrupt. The claimant takes the stand to testify that he had given possession to the bankrupt under a contract which was reduced to writing and is produced. The fact of ownership must still be found in favor of the claimant, and here it has been found against it. This settles the question, unless the referee erred in this fact finding.

■ It may be said that, as all the evidence was in writing, the fact finding may be reviewed and refound in an appellate proceeding. How then should the fact be found? A cynical philosopher has defined faith to be "that which enables one to believe in what he knows ain't so." It would take more than faith to enable any one to believe that this truck was not sold to the bankrupt. The referee has stated a number of reasons which persuaded him to make the finding he has made. Some of these have encountered the criticism of counsel for the claimant. We have no concern, however, with anything other than the finding made that the truck was the property of the trustee. A few of the reasons for his finding, which the referee has given us, would be convincing without more. This truck had a sale price value. If it is permissible to refer to the reclamation bond given by the claimant, this value was $1,593. We may, at least, infer that it had some value. The claimant avers that it gave up the possession of this truck only on a bailment for hire agreement. The total hire footed up $1,593. That was all the bailee was to pay. After payment, in whom was the title to the truck? Not in the bailor, because the bailor was to get it back only if the bailee failed to pay the "rent." The bailee was to keep the truck insured. The insurance moneys were made "payable first to the lessor and then to the lessee as their respective interests may appear." This can only mean that the "interest" of the claimant in the truck was limited to the $1,593 which the bankrupt was to

pay. Without further extending the discussion, it may be summed up in the observation already made that no one could make the required fact finding in favor of the claimant without believing and knowing that this was an untruth.

The petition for a review is denied, the findings of the referee approved, and the order made affirmed and confirmed.